Mr. Justice Montgomery
delivered the opinion of the Court :
In this case the complainant filed his petition for divorce on the 17th day of September, 1887, charging the defendant with willful desertion and abandonment of the complainant for the full and uninterrupted space of two years. The bill was dismissed below and the complainant appealed.
It appears by the petition that the parties were married in 1858, lived together for about twenty-three years, and have one son aged now about thirty. It is quite evident that they were not living happily together for several years before the alleged desertion. Finally, early in October, 1881, the wife left the house, taking with her a large share of the household furniture, and in company with the son went to live elsewhere, and ever since the husband and wife have lived apart. The undisputed evidence shows that for some months immediately preceding the time that the wife left home she had been threatening to leave, or telling her *228 husband that she intended to do so, and he never objected. On the contrary, whenever she said anything on the subject, he would tell her, in substance, to go as soon as she pleased; that they last talked on this subject some three or fo.ur days before she went, when she said, in substance, to him that she could not stand his conduct any longer, that she was going to leave, and asked him if he would allow her to take the furniture, a certain portion of it, and he said, “Yes; when you'leave take it all.” This is testified to by the son, and is not only undisputed, but seems to be corroborated by the whole case, and there seems to be no doubt about this. It thus seems to be clearly established that the wife left the husband and he has charged her with willful desertion and ■ abandonment. If she left her home with her husband’s consent, then she is not liable to the charge of willful desertion within the meaning of the statute. 1 Bishop, Mar. and Div., Sec. 783.
Complainant’s counsel represents that the husband evidently did not mean what he said, and did not expect her to leave, but he did tell her to go, and she at least understood him to consent to and wish it. She did go, and he has never advised her of her misapprehensipn (if she did misapprehend him), nor invite her to return, as was his clear duty, if he repented and desired her return, or if he was misunderstood. Id., Sec. 786.
These facts, together with the further fact ■ that he has never requested the return of the furniture, afford very strong reasons for concluding that he wanted to be rid of her. It is not proven or claimed that he ever wished or invited her to return, but after living separate and apart for six years he has filed his petition for divorce. The question is, had the defendant, when this suit was begun, been guilty of two years willful desertion and abandonment against the party complaining. We think not. We therefore do not find it necessary to review or pass upon the other facts discussed by counsel.
The decree must be affirmed with costs.